FILED
APRIL 12, 2022
Clerk, U.S. District Court
District of Montana
Billings Division

**MARK STEGER SMITH**
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov

**ATTORNEY FOR DEFENDANT
UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **STATE OF MONTANA,**<br><br>Plaintiff,<br><br>vs.<br><br>**DEANDRE L. GULLEY,**<br><br>Defendants. | **CV 22-31-BLG-SPW-KLD**<br><br>**NOTICE OF REMOVAL** |

The petitioner, the United States of America, shows the court as follows:

Pursuant to Title 28 U.S.C. §§ 1442(a)(1) & 1446(a) and on behalf of Chief United States Probation Officer Brian Farren, the United States Attorney for the District of Montana, by and through Assistant United States Attorney Mark S. Smith, respectfully files this Notice of Removal pertaining only to a subpoena duces tecum directed to federal employees, and associated contempt proceedings

involving Chief U.S. Probation Officer Brian Farren for actions taken in an official capacity, currently pending in Yellowstone County District Court, Thirteenth Judicial District, Montana.   In support of such removal, the undersigned states as follows:

1. In November 2021, counsel for DeAndre Laron Gulley – defendant in the Yellowstone County state court criminal case *State of Montana v. Deandre Gulley*, DC-19-1604, 13th Jud D. Ct., Hon Michael Moses – filed four motions to compel the production of evidence.   Amongst other items, Gulley sought "Information within the Possession of Sadie Dallaserra and the United States Probation Office" concerning a shooting at Lee's Saloon on April 6, 2019. The Court conducted a hearing on these motions on December 22, 2021 and took the matter under advisement.

2. On December 30, 2021, Gulley filed a motion seeking a subpoena duces tecum (SDT) directed to supervisory Probation Officer (SUSPO) Brian Farren, former U.S. Probation Officer Sadie Dallaserra, and U.S. Probation Officer Nickalas Buciuman.   Exhibit A. The request enumerated 12 categories of materials sought "from the USPO office," including interview notes and reports concerning Richard Meza and Gregory Boyd, sobriety test results, information pertaining to Officer Dallaserra's separation from

employment at U.S. Probation, supervision records for Gregory Boyd and Richard Meza, various purported records of photo lineups, and "exculpatory or impeachment information the disclosure of which is mandated by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *Kyles v. Whitley*, 514 U.S. 419 (1995)."

3. The State court granted this motion and issued an SDT on January 3, 2022. Exhibit B. As issued, the SDT contains the same 12 categories of materials ("Items To Be Produced") that were listed in Gulley's motion. The SDT states "Mr. Farren, Sadie Dallaserra, and Nickalas Buciuman are hereby ordered to produce the materials… within fourteen (14) days of service of this subpoena."

4. On January 5, 2022, Gulley's counsel, Greg Rapkoch, sent substantially identical letters to Dallaserra, Buciuman, and Farren, each requesting disclosure of information "…regarding the investigation and facts at issue in Mr. Gulley's case." Exhibit C.

5. On January 18, 2022, Brian Farren sent a letter to Rapkoch denying his subpoena request to the Federal judiciary, "because it does not satisfy the Federal judiciary's subpoena regulations, and we are not compelled by law to comply with your subpoena." Exhibit D. The letter recapped the relevant

portions of the Federal judiciary's Subpoena Regulations, and the shortcomings of the request.   The letter also discussed the legal basis for the Federal judiciary's sovereign immunity to any State court subpoena. Rapkoch responded by letter dated January 19, 2022, disputing Farren's conclusions and asserting legal arguments against sovereign immunity. Farren responded he would confer with U.S. District Court Judge Susan Watters on these arguments and be in touch.

6. On January 24, 2022 the State court issued an order partially granting and partially denying Gulley's motion to compel.   Exhibit E. The Court found that Ms. Dallaserra had spoken to witnesses and victims and assisted with BPD's investigation, and so ordered "the State must disclose material and information in the possession or control of any person, to include Ms. Dallaserra, that participated in the investigation of this case pursuant to § 46-15-322(4), MCA."   Exh. E, p 9.   The Court also recognized, however, that Sadie Dallaserra was no longer employed with U.S. Probation.   Id. at 8 (identifying Dallaserra as "a former probation officer with the USPO").   The Court otherwise explicitly limited its order to non-Federal entities, holding:

> Additionally, as to the production of information from USPO Buciman and USPO Brian Farren, Mr. Gulley's request is denied, given their minimal apparent involvement in the investigation of this

     case. Also, as to any requested materials directly from a Federal officer or agency, this Court does not have the authority to require its disclosure, thus, the motion is denied as to those aspects.

*Id*. at 9-10 (emphasis added).

7. On February 14, 2022, Farren sent an email to Rapkoch indicating he had consulted with this Court (Judge Watters), and the U.S. Attorney's Office for the District of Montana, and they had collectively determined there was no legal requirement to produce the requested materials.   Exhibit F.   Farren also noted the State court's January 24 denial of Gulley's motion to compel and quoted the Court's determination that it "does not have the authority to require its disclosure."

8. On February 14, 2022, Gulley filed a Motion for Order to Show Cause as to Why Brian Farren Should Not Be Held in Contempt of Court.   Exhibit G.   The State court granted that order March 30, 2022, setting a show cause hearing for April 12, 2022.   Exhibit H.

9. None of the foregoing was served on the United States Attorney for the District of Montana, which only learned about the SDT and contempt proceedings when notified by the Yellowstone County Attorney's Office on March 30, 2022.

10. On April 7, 2022, the undersigned filed a motion to quash the SDT, seeking an order vacating the show cause hearing and excusing Brian Farren from any trial appearance.  Exhibit I.

11. On April 8, 2022, the State court set a hearing on the motion to quash for April 12, 2022, at the time previously set for the show cause hearing. Exhibit J.  The State court did not vacate the show cause hearing or otherwise suggest Farren was safe from contempt proceedings.

12. The motion for order to show cause (Exh. G) alleges that Brian Farren "should… be held in contempt of court for refusal to honor the subpoena duces tecum issued to him by this Court on January 3, 2022."

13. Farren is, and at all times relevant hereto was, Chief Probation Officer for United States Probation in the District of Montana.

14. All of Mr. Farren's actions of which Gulley complains, and specifically the refusal to provide records pursuant to the SDT due to failure to comply with the Federal judiciary's Subpoena Regulations, were taken in the context of his official actions as Chief U.S. Probation Officer for the District of Montana and under color of such office.   Removal of the SDT and associated proceedings (i.e., the Motion and Order to Show Cause, and Motion to Quash) is, therefore, proper pursuant to Title 28 U.S.C. § 1442(a)(1).

15. A copy of this Notice of Removal is being served upon counsel for the defendant in the State court proceeding and a copy hereto will be filed with the Yellowstone County Clerk's Office pursuant to Title 28 U.S.C. § 1446(d).

WHEREFORE, Petitioner prays the above-captioned action be removed from the Yellowstone County District Court, Thirteenth Judicial District, to this Court.

**DATED** this 11th day of April, 2022.

                      **LEIF M. JOHNSON**
                      **United States Attorney**

                      **/s/ MARK STEGER SMITH**
                      **Assistant U. S. Attorney**
                      **Attorney for United States**

# CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of April, 2022, a copy of the foregoing document was served on the following person by the following means.

|   |   |
|---|---|
| __1__ | CM/ECF |
| _____ | Hand Delivery |
| __2, 3__ | U.S. Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk of Court

2. Gregory John Rapkoch
Alisha Marie Rapkoch
Office of State Public Defender
Regional Office, Region 1
723 5th Ave. E. Suite 100
Kalispell, MT 59901
(406) 751-6080 – phone
Email: alisha.rapkoch@mt.gov
grapkoch@mt.gov
pwebster@mt.gov
Attorneys for Defendant - Deandre Laron Gulley

3. Ingrid A. Rosenquist
Ed Zink
Yellowstone County Attorneys
P.O. Box 35025
Billings, Montana 59107
Email:
cadocs@yellowstonecountymt.gov
Attorneys for Plaintiff State of Montana

**/s/ MARK STEGER SMITH**
**Assistant U.S. Attorney**
**Attorney for United States**

S:\civil\2022V00022\notice of removal shared.docx